IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANTHONY AND BRENDA BURTON<br>*Plaintiffs* | § § § | |
| v. | § § | Civil Action No.: 23-628 |
| LIBERTY PERSONAL INSURANCE COMPANY<br>*Defendant.* | § § § § | |

### PLAINTIFFS' FIRST AMENDEDED ORIGINAL COMPLAINT

COME NOW Anthony and Brenda Burton ("Plaintiffs") complaining of Liberty Personal Insurance Company ("Defendant"), and respectfully shows as follows:

## I.
## PARTIES

1. Plaintiffs are filing this first amended petition as a matter of course to correct the name of the previously filed petition against Liberty Mutual Insurance Company. Plaintiff is amending the petition to name as defendant Liberty Personal Insurance Company. All other allegations are hereby realleged against the correctly named defendant Liberty Personal Insurance Company. The incorrectly named defendant Liberty Mutual Insurance company is dismissed as an incorrectly named defendant.

2. Plaintiffs are individuals and citizens of the State of Louisiana residing within the geographic boundaries of the United States District Court for the Eastern District of Louisiana.

3. Defendant is an insurance company engaging in the business of insurance in the State of Louisiana, and may be served with process through its designated agent for service: Louisiana Secretary of State, attention: Legal Services Section, 8585 Archives Ave., Baton Rouge, Louisiana 70809 or P.O. Box 94125, Baton Rouge, LA 70804-9125.

## II.
## JURISDICTION AND VENUE

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. Plaintiffs are citizens of the State of Louisiana.

6. Defendant is an insurance company organized under the laws of the State of Massachusetts, having its principal place of business in Massachusetts. Accordingly for purposes of diversity jurisdiction, Defendant is a citizen of Massachusetts.

7.     The court has jurisdiction over Defendant because Defendant engages in the business of insurance in Louisiana, because Plaintiffs' causes of action arise out of Defendant's business activities in Louisiana, and because Defendant maintains sufficient minimum contacts in Louisiana such as the exercise of jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

8.     Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District, because the property at issue in this lawsuit is located within this District and because Defendant has engaged in business within this District.

## III.
## CONDITIONS PRECEDENT

9.     All conditions precedent to suit or payment under the insurance policy at issue in this lawsuit have been satisfied by Plaintiffs, excused, or waived by Defendant, or Plaintiffs are excused from performance due to Defendant's prior breach of the policy. Defendant has not been prejudiced by Plaintiffs' actions, inactions, or delays, if any. Any failures by Plaintiffs to satisfy any conditions precedent have not prejudiced the Defendant in this case.

## IV.
## FACTS

10.    This is a Hurricane Ida first party insurance property damage claim.

   **A. The Property and the Policy.**

11.    Plaintiffs own a residential property located at 18434 Manchac Acres Road, Prairieville, LA 70769 (the "Property"). At all times materials to the issues raised in this Complaint, the Property was insured by insurance policy number H3F-291-723889-40 08 (the "Policy") issued by Defendant. Plaintiffs are the owners of the Policy and the named insured under the Policy.



**The Property**

**Hurricane Ida Damaged the Property.**

12. On or about August 29, 2021, Hurricane Ida struck the Property causing substantial damage to the Property covered by the Policy.

    **B. The Claim and Defendant's Failures to Properly Handle the Claim.**

13. Promptly after Hurricane Ida, Plaintiffs made a claim with Defendant for damages to the Property caused by Hurricane Ida. Defendant assigned claim number 046875995-01 (the "Claim") and began its investigation of the Claim.

14. To the extent Defendant engaged any outside consultants, field adjusters, engineers or any other such persons to assist Defendant with its handling of the Claim, each such entity and persons were acting as Defendant's agents in the course and scope of their agency with Defendant. Accordingly, Defendant is liable for their acts and omissions.

15. Defendant retained IMS and SDII Global to assist in the investigation of the Claim. At all times material hereto, IMS, SDII Global, and any other person or entities involved with the Claim on behalf of Defendant were acting as Defendant's agents in the course and scope of their agency with Defendant. Accordingly, Defendant is liable for the acts and omissions of IMS and SDII. IMS and SDII proceeded to investigate the Claim and inspected the Property on behalf of Defendant.

16. On December 14, 2021, Liberty Mutual issued its claim decision letter for the Claim admitting that it had found covered damages caused to the Property by Hurricane Ida. Liberty Mutual estimated that the Replacement Cost Value to repair the Hurricane Ida damage to the Property was $35,646.00. Accordingly, the payment was issued less the deductible and recoverable depreciation and paid when incurred code for $12,458.96. On April 10, 2023, Liberty Mutual

released recoverable depreciation of $5,880.64. However, as discussed below, the amount of my clients' actual covered damages substantially exceeded the value Liberty Mutual placed on the Claim.

17. Defendant's final valuation of the Claim grossly underestimated the actual cost to repair the covered damage to the Property.

18. Plaintiffs presented a claim under the Policy for damages caused by Hurricane Ida. It was Defendant's responsibility, not Plaintiffs', to adjust the Claim fairly and promptly and to make a reasonable effort to settle the Claim. Defendant failed to comply with Louisiana law and has grossly undervalued the amount of Plaintiffs' covered losses. To date, almost two years after Plaintiffs' Property was severely damaged by Hurricane Ida, Defendant continues to delay and undervalue the Claim and has yet to make full payment as owed under the Policy to Plaintiffs.

### C. Plaintiffs are Forced to Adjust Plaintiffs' Own Claim and Provided Defendant a Second Bite at the Apple in an attempt to resolve Plaintiffs' Claim without Litigation.

19. Although, Defendant no doubt received *satisfactory proof of loss* (as that term is used and understood under Louisiana law) during its investigation and adjustment of the Claim, Defendant's gross undervaluation of the Claim forced Plaintiffs to retain attorneys and its own expert(s) to assist with the Claim. Plaintiffs worked with Plaintiffs' counsel and Plaintiffs' own experts to prepare a comprehensive *Proof of Loss and Settlement Demand* package which Plaintiffs provided to Defendant before filing this lawsuit to provide Defendant an opportunity to resolve Plaintiffs' Claim without litigation. This demand package provided a detailed outline of Plaintiffs' claims and damages, quantified Plaintiffs' losses on the Claim and included supporting evidence such as estimates, photographs and/or repair receipts. Despite Plaintiffs' good faith effort to give Defendant a second (if not third or fourth) bite at the apple to resolve Plaintiffs' Claim, Defendant failed to make a written offer to settle Plaintiffs' Claim within thirty days after receiving satisfactory proof of loss and Defendant's failure was arbitrary, capricious and/or without probable cause.

## V.
## CAUSES OF ACTION

20. Plaintiffs incorporate and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

### A. Breach of Contract

21. Plaintiffs' Policy is a valid, binding and enforceable contract between Plaintiffs and Defendant. Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Louisiana law. Defendant's breach proximately caused Plaintiffs' injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiffs, or Defendant is estopped from raising this issue due to Defendant's prior breach of the contract.

### B. Bad Faith and Violations of LSA-R.S. §22:1892 and §22:1973.

22. Defendant's actions described herein were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

23. La. Rev. Stat. § 22:1892 mandates that an insurer, like Defendant, must make a written settlement offer and pay the amount due any insured within 30 days after receipt of a satisfactory proof of loss from the insured. It further states that failure to make such payment subjects the insurer to a penalty, in addition to the amount of the loss, of fifty percent (50%) damages on the amount due from the insurer to the insured, as well as reasonable attorney's fees and costs to be awarded to Plaintiffs.

24. La. Rev. Stat. § 22:1973 imposes on insurers in first party claims a duty of good faith and fair dealing which includes an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with insureds. Section 1973 makes any misrepresentation of pertinent facts a breach of that duty of good faith and fair dealing. Section 1973 also requires payment of any claim due an insured within 60 days of proof of loss. Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two-times the damages sustained.

25. Louisiana law requires that an insurer unconditionally tender the amounts due an insured in order to satisfy its payment obligations under the above-referenced statutes. More than 60 days has passed since Defendant was presented with Plaintiffs' satisfactory proof of loss and Defendant still has not made an unconditional tender of the amounts owed. Defendant has clearly violated RS 22:1973.

26. In addition to the amount of the actual loss owed, Defendant is also liable to Plaintiffs for a penalty of fifty (50%) of the amount due, as well as reasonable attorney's fees and costs, based

on Defendant's failure to make a written settlement offer and to unconditionally tender the amounts owed to Plaintiffs within 30 days after its receipt of the satisfactory proof of loss—Defendant's failure to do so was arbitrary, capricious, or without probable cause.

27. Defendant is and continues to be in violation of both Louisiana Revised Statutes 22:1892 and 22:1973 and is liable to Plaintiffs for damages, statutory penalties, attorney's fees, interest and costs.

## VI.
## DAMAGES

28. Plaintiffs bring suit for all damages available under Louisiana law.

29. As a result of the actions of Defendant, Plaintiffs have suffered the following nonexclusive list of past, present, and future damages, in amounts reasonable in the Property:

   a) Damage to the home and other structures located at the Property;

   b) Mitigation, remediation and repair costs;

   c) Diminution in value;

   d) Lost and/or damaged personal property;

   e) Loss and damage due to delays and/or inability to make appropriate repairs as a result of inadequate insurance payments;

   f) Mental and emotional stress, distress, anguish and anxiety;

   g) Any and all other applicable damages covered under any of the applicable coverages afforded under the Policy's sub-coverage limits, including but not limited to demolition, debris removal, and increased cost of construction;

   h) Any and all other consequential damages caused by Defendant's breaches;

   i) Attorney's fees and costs of these proceedings, and all other costs incurred prior to this litigation as a result of Defendant's breaches; and

   j) Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

## VII.
## JURY DEMAND

30. Plaintiffs hereby request a trial by jury on all issues so triable.

## VIII.
## PRAYER

31. WHEREFORE, Plaintiffs prays that Defendant be served with the instant Complaint and after all due delays and legal proceedings be had, there be judgment rendered herein in favor of Plaintiffs and against Defendant finding Defendant in breach of both the insurance Policy and its statutory obligations and therefore, liable to Plaintiffs for all amounts owed under the Policy, as

well as statutory penalties and attorneys' fees, and all such damages as are reasonable in the premises, attorney's fees, interest, and costs under Louisiana Revised Statutes §22:1892 and §22:1973, and all general and equitable relief to which Plaintiffs may be entitled.

Respectfully submitted,

**BOWLING CHRISTIANSEN LAW FIRM, APLC**

BY: */S/ ZACHARY R. CHRISTIANSEN*
Zachary R. Christiansen, ESQ. (344896)
1615 Poydras Street, Suite 1050
New Orleans, Louisiana 70112
Telephone: (504) 586-5200
Facsimile: (504) 586-5201